OPINION OF THE COURT
 

 GIBBONS, Circuit Judge:
 

 In this proceeding for reorganization under Chapter 11, the debtor, Trina-Dee, Inc., appeals from an order of the district court affirming an order of the bankruptcy court, entered pursuant to 11 U.S.C. § 362(d) (1982), permitting Nazareth National Bank to proceed with a foreclosure proceeding. Section 362(d) authorizes relief from the automatic stay provision of 11 U.S.C. § 362(a) (1982) on two grounds. Either ground alone is sufficient to justify relief from the stay. Section 362(d) provides:
 

 
 *171
 
 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.
 

 11 U.S.C. § 362(d) (1982).
 

 In a hearing with respect to relief from the automatic stay provision, the party requesting such relief has the burden of proof on the issue of the debtor’s equity. 11 U.S.C. § 362(g)(1) (1982). The debtor concedes that this burden was carried and that it has no equity in the property. On other issues the party opposing such relief has the burden of proof. 11 U.S.C. § 362(g)(2) (1982). Thus, the debtor had the burden of proving that the property in issue is necessary to an effective reorganization. The bankruptcy court held that the debtor failed to carry this burden, and the debtor does not on this appeal contest that finding. Thus, Nazareth satisfied the second ground for relief from the stay.
 

 Relying on
 
 La Jolla Mortgage Fund v. Rancho El Cajon Associates,
 
 18 B.R. 283, 287-88 (Bkrtcy.Cal.1982), the debtor urges that the test applied by the bankruptcy court for relief under section 362(d) was in error, in that the court focused on the absence of equity in the debtor rather than on the adequacy of protection of the interests of the secured claimant. That reading of section 362(d), however, is inconsistent with its plain language. Subsections (1) and (2) are plainly disjunctive. Only in cases where the court finds an equity in the debtor, or where the court finds that the property is necessary to an effective reorganization, is it necessary to consider the first ground for relief from the stay— the adequacy of protection of the secured party seeking relief. Thus, the bankruptcy court did not err in taking into account all secured claims against the property.
 

 The judgment appealed from will be affirmed.