**In re Joseph P. HANLEY and Carol J. Hanley, d/b/a Famous Fried Chicken and Famous Recipe Fried Chicken, Debtors.**

Civ. A. No. 88–2621.
Bankruptcy No. 86–2650.

United States District Court,
W.D. Pennsylvania.

July 26, 1989.

Kurt S. Rishor, Butler, Pa., for debtors/appellants.

Raymond J. Urbanik, Pittsburgh, Pa., for appellee, Equibank.

## MEMORANDUM OPINION

BLOCH, District Judge.

Appellants/debtors Joseph P. Hanley and Carol J. Hanley, doing business as Famous Fried Chicken and Famous Recipe Fried Chicken filed a voluntary petition for Chapter 11 bankruptcy on October 10, 1986. At the time of filing, one. of debtors' creditors was appellee Equibank, N.A., which had extended two loans, secured by guaranty and suretyship agreements, to the debtors in 1981 and 1982. Equibank had obtained judgments by confession against the Hanleys' residence on these two agreements.

Equibank's judgments against the Hanleys' residence are second and third liens. The residence is encumbered by a first mortgage in favor of Landmark Savings, and there is some suggestion in the record that the property is subject to several liens ranking below those of Equibank. (See transcript of September 22, 1988 hearing, p. 9).

The house is worth approximately $40,-000. The first mortgage amounts to approximately $5,000. The amount of principal outstanding on the Equibank loans is approximately $50,000. (See transcript, pp. 6–7).

Debtors have filed a plan of reorganization providing, *inter alia*, that Equibank will be paid $625 per month for 31 months to the extent its claims are secured. To the extent its claims are unsecured, Equibank will be paid $369.39 per month for 32 months. The debtors would not begin paying Equibank these amounts for approximately 18 months after confirmation of the plan. As of November 30, 1988, the date of this appeal, debtors had not yet received approval of a disclosure statement for this plan.

Equibank filed a motion for relief from stay in the Bankruptcy Court on August 22, 1988. The Bankruptcy Court, Markovitz, J., granted this motion after a hearing on September 22, 1988. Debtors appealed that order. This Court will affirm the order of the Bankruptcy Court.

Upon the filing of a bankruptcy petition, creditors are automatically stayed from

taking action against the property of the estate or which could affect the property of the estate. 11 U.S.C. § 362(a). Creditors can move for relief from the stay under 11 U.S.C. § 362(d) in certain circumstances, however. Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property ..., if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

The creditor seeking relief from the stay has the burden of proving the debtor's lack of equity. The debtor bears the burden of proof on all other issues. 11 U.S.C. § 362(g).

Equibank stated at the hearing on its motion for relief from stay that it was so moving because "the debtor is unable to provide Equibank any adequate protection for [its] interest in the residence." (Transcript, p. 3). This would imply that Equibank made its motion pursuant to § 362(d)(1). Equibank did not specify a subsection of § 362(d) in its written motion, however. Furthermore, the Bankruptcy Court apparently based its decision on a § 362(d)(2) analysis. (*See* transcript, pp. 9–10). Therefore, it is appropriate for this Court to examine Equibank's § 362(d)(2) contentions. *See also Nazareth National Bank v. Trina–Dee, Inc.*, 731 F.2d 170, 171 (3d Cir.1984) ("[o]nly in cases where the court finds equity in the debtor or ... finds that the property is necessary to an effective reorganization, is it necessary to consider ... the adequacy of protection of the secured party seeking relief").

In this case, the debtors have no equity in their home. "Equity" for purposes of § 362(d)(2)(A) is the difference between the value of the property and the total of the claims it secures. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir.1984); *In re Diplomat Electronics Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y.1988). The home is worth only $40,000 and is subject to liens totalling a minimum of $55,000.

Further, the debtors' home is not necessary to an effective reorganization. Initially, the Court notes that the debtors bore the burden of proof, yet produced no evidence as to this issue at the hearing. Further, for property to be "necessary to an effective reorganization," it must be essential for a reorganization "that is in prospect." *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, ——, 108 S.Ct. 626, 632, 98 L.Ed.2d 740, 751 (1988). That is, there must be a reasonable possibility of a successful reorganization within a reasonable time. *Id.* The record is clear in this case that the debtors initially filed under Chapter 11 in 1986. As of November 30, 1988, however, the debtors still had not obtained approval of a disclosure statement. The Bankruptcy Judge found that such a delay indicated that the parties "don't appear to be going anywhere towards a reorganization of this business." (Transcript, p. 10).

The Court notes that appellants designated a second issue for appeal in their Designation of Record and Statement of Issues, filed in the Bankruptcy Court on October 14, 1988. Neither party briefed this issue, however; thus, it has been waived.

An appropriate Order will be issued.

### ORDER

AND NOW, this 26th day of July, 1989, upon consideration of the Appeal filed by Debtors in the above captioned matter on November 30, 1988,

IT IS HEREBY ORDERED that said Appeal is DENIED and the Bankruptcy Court's Order of September 22, 1988, is hereby AFFIRMED.