In re LAGUNA ASSOCIATES LIMITED PARTNERSHIP, Debtor.

LAGUNA ASSOCIATES LIMITED PARTNERSHIP, Plaintiff–Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant–Appellee.

No. 93–1573.

United States Court of Appeals, Sixth Circuit.

Argued May 2, 1994.

Decided July 27, 1994.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Sept. 9, 1994.

---

Sheldon S. Toll (argued and briefed), Honigman, Miller, Schwartz & Cohn, Detroit, MI, for plaintiff-appellant.

Stuart Hertzberg, Vicki R. Harding (argued and briefed), Pepper, Hamilton & Scheetz, Detroit, MI, for defendant-appellee.

Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.

Concluding that Laguna Associates Limited Partnership filed its bankruptcy petition in bad faith, both the bankruptcy court and district court found that Aetna Casualty and Surety Company was entitled to relief under 11 U.S.C. § 362(d)(1) from the automatic stay. For the following reasons, we affirm.

## I

Although their import is hotly contested, the facts underlying this matter are not in dispute. Beztak Company is a Michigan co-partnership comprised of three general partners: Beznos Realty Investment Company, Jerry D. Luptak, and Nina D. Luptak. In July 1988, Aetna Casualty and Surety Company loaned approximately $19.5 million to Beztak for the purchase and construction of Lakeside Terrace Apartments, a residential complex in Sterling Heights, Michigan.

In an effort to ensure that Beztak's partners would remain integrally involved in the management of Lakeside Terrace, the mortgage expressly prohibited Beztak from transferring the property unless Beztak met one of two carefully detailed conditions. First, the Loan Agreement authorized the transfer of Lakeside Terrace if Beztak adequately demonstrated that the proposed transferee met Aetna's customary credit and experience standards. Second, Beztak was allowed to transfer the property if at least one of its partners retained a five percent general partnership interest in the proposed transferee. Any other assignment of Lakeside Terrace or change in the form of ownership functioned as a default.

Laguna Associates Limited Partnership was formed on February 11, 1992. Laguna Associates' sole general partner is Laguna General, Inc., a Michigan corporation, and its sole limited partner (and ninety-nine percent owner) is Beztak. On March 5, Beztak recorded a deed transferring all of its rights, interests, and liabilities in Lakeside Terrace to Laguna Associates. The following day, Laguna Associates filed a petition for reorga-nization under Chapter 11 of the Bankruptcy Code.

Shortly thereafter, Aetna filed a motion under 11 U.S.C. § 362(d)(1) to lift the automatic stay so that it could foreclose on Lakeside Terrace. After an extensive hearing, the bankruptcy court granted Aetna's motion, concluding in a closely reasoned opinion dated August 12 that Aetna had amply demonstrated that Laguna Associates filed its petition for bankruptcy in bad faith. 147 B.R. 709. In reaching this conclusion, the bankruptcy court made the following findings of fact:

Essentially what we have in this case is:

(a) a flawed eleventh hour attempt of Beztak and its partners to transfer the Property (and the contiguous twelve (12) acres) to this commonly and in substance similarly held and owned Debtor;

(b) a transferee, asset-less Debtor which appears to have been created solely for the purpose of holding the Property and, it must be inferred, essentially isolating and separating its operations from the remaining operations of Beztak, the transferor;

(c) a situation where the Property cannot itself support its expenses and required debt payments;

(d) the filing of a bankruptcy in close proximity to the transfer or attempted transfer;

(e) a situation where the day to day management, because it remains in the same managerial hands (of an associated entity) as it was before the transfer, will likely not change regardless of the transfer;

(f) a situation, given the asset-less substance of the corporate general partner of Debtor, which materially adversely changes, certainly prospectively, the liability picture relative to the ongoing expenses of operating the Property, with no apparent means, other than the receipts from the Property itself to sustain the Property or pay all of those ongoing expenses;

(g) apparently no consideration being paid for the transfer other than the transferred interests in the Debtor; and

(h) a situation where Aetna suffers the indicated adverse effects upon its bargained for relationship with Beztak.

In light of these findings and given Laguna Associates' failure to rebut Aetna's showing of cause for relief under Section 362(d)(1), the bankruptcy court granted Aetna's motion to lift the stay.

On appeal, the district court refused to disturb the bankruptcy court's finding that Laguna Associates filed its petition in bad faith, and affirmed the bankruptcy court's judgment. This timely appeal followed.

## II

■■■ As it is a matter of considerable dispute between the parties to this proceeding, we take this opportunity to clarify the standards of review that guide our analysis. This Court reviews a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion. *In re White*, 851 F.2d 170, 174 (6th Cir.1988). While we follow the bankruptcy court's findings of fact unless clearly erroneous, we exercise plenary review with regard to questions of law. *In re Batie*, 995 F.2d 85, 88 (6th Cir.1993); *see also In re Isaacman*, 26 F.3d 629 (6th Cir.1994) ("we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court").

## III

■■ On appeal, we are presented with a narrow question: did the bankruptcy court err in concluding that Aetna was entitled to relief from Chapter 11's automatic stay provision because Laguna Associates filed its petition in bad faith? Under the Bankruptcy Code, the filing of a petition automatically stays most judicial actions against the debtor. 11 U.S.C. § 362(a)(1). This provision gives the honest debtor an opportunity to protect his assets for a period of time so that the resources might be marshalled to satisfy outstanding obligations. *See In re Batie*, 995 F.2d at 89 (bankruptcy aims "to help *honest* debtors"); *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir.1985) ("The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state.").

■■ As the automatic stay provision may impose an unfair hardship on particular creditors, Section 362(d) directs the bankruptcy court to grant relief from the stay (1) "for cause," which includes the inadequate protection of a creditor's interest in the collateral; or (2) when the debtor has no equity in the property and the property is unnecessary to an effective reorganization. 11 U.S.C. § 362(d)(1)–(2). Chapter 11 also permits the bankruptcy court, after notice and hearing, to "dismiss a case under this chapter ... for cause." 11 U.S.C. § 1112(b). Because the Code provides no definition of what constitutes "cause" under either Section 362(d) or Section 1112(b), courts must determine whether discretionary relief is appropriate on a case-by-case basis. *See In re Zick*, 931 F.2d 1124, 1129 (6th Cir.1991).

■■ As a number of our sister circuits have recognized, a debtor's lack of good faith in filing a petition for bankruptcy may be the basis for lifting the automatic stay. *See, e.g., Carolin Corp. v. Miller*, 886 F.2d 693, 699 (4th Cir.1989) ("§ 362(d)(1)'s 'for cause' language authorizes the court to determine whether, with respect to the interests of a creditor seeking relief, a debtor has sought the protection of the automatic stay in good faith"); *In re Arnold*, 806 F.2d 937, 939 (9th Cir.1986) ("The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay."); *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071–72 (5th Cir.1986) (lack of good faith constitutes "cause" for lifting the stay to permit foreclosure). Although this Court has not explicitly addressed this particular point, we have long acknowledged that "bad faith may serve as a ground for dismissal of a petition." *In re Charfoos*, 979 F.2d 390, 392 (6th Cir.1992); *In re Winshall Settlor's Trust*, 758 F.2d at 1137 ("an implicit prerequisite to the right to file is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal under § 1112(b)"). Because we see no substantive difference between the cause requirement for dismissal of a petition under Section 1112(b)

738

and the cause requirement for relief from an automatic stay under Section 362(d)(1), it necessarily follows under this Court's cases that a lack of good faith constitutes "cause" for lifting an automatic stay.

 Whether the debtor filed for relief in good faith is a discretionary determination that turns on the bankruptcy court's evaluation of a multitude of factors. As this Court has emphasized, "[g]ood faith is an amorphous notion, largely defined by factual inquiry." *In re Okoreeh–Baah*, 836 F.2d 1030, 1033 (6th Cir.1988). While no single fact is dispositive, courts have found the following factors meaningful in evaluating an organizational debtor's good faith:

(1) the debtor has one asset;

(2) the pre-petition conduct of the debtor has been improper;

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*In re Charfoos*, 979 F.2d at 393 (citing *In re Little Creek Dev. Co.*, 779 F.2d at 1072–73). In addition, the Fifth Circuit has noted that the " 'new debtor syndrome,' in which a one-asset entity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors, exemplifies, although it does not uniquely categorize, bad faith cases." *In re Little Creek Dev. Co.*, 779 F.2d at 1073 (citation omitted). In detailing these indicia of bad faith, we are mindful that "no list is exhaustive of all the conceivable factors which could be relevant when analyzing a particular debtor's good faith." *In re Caldwell*, 851 F.2d 852, 860 (6th Cir.1988); *see also In re Barrett*, 964 F.2d 588, 591 (6th Cir.1992) ("Our circuit's good faith test requires consideration of the totality of circumstances.").

 When considered in light of the factors enumerated above, the evidence before the bankruptcy court was sufficient to support a finding that Laguna Associates filed its petition in bad faith. Created at the eleventh hour, the debtor was not engaged in an ongoing business, lacked a sufficient cash flow, had few unsecured creditors, and claimed as its sole asset a heavily encumbered property. Furthermore, Laguna Associates, apparently driven by a desire to prevent foreclosure on Lakeside Terrace, filed for bankruptcy just one day after gaining possession of the property from Beztak. Given these facts, the bankruptcy court's finding that Laguna Associates filed its petition in bad faith cannot be considered clearly erroneous. We thus conclude that the bankruptcy court properly determined that Aetna Casualty and Surety Company was entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1).

### IV

For the foregoing reasons, the judgments of the district court and the bankruptcy court are affirmed.