**In re Mary Carlis HURST, Debtor.**

**Bankruptcy No. 97–30580–L.**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Sept. 18, 1997.

Bruce L. Feldbaum, Memphis, TN, for Movant.

John Campbell, Memphis, TN, for Debtor.

## MEMORANDUM OPINION AND ORDER ON M & I MORTGAGE CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO RATIFY AND CONFIRM FORECLOSURE SALE

JENNIE D. LATTA, Bankruptcy Judge.

M & I Mortgage Corporation filed the instant "Motion for Relief From the Automatic Stay and to Ratify and Confirm Foreclosure Sale" on August 14, 1997. This Court conducted a hearing in this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014 on September 9, 1997. After considering all of the pleadings and testimony before the Court, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## *FINDINGS OF FACT*

The debtor filed her present petition for relief on July 23, 1997. This is the debtor's third filing since 1993.[1] In the case immediately proceeding this one, case number 97–21809–XXX, an order granting adequate protection was entered in favor of Security Financial & Mortgage Mortgage Corporation. In that order granting adequate protection, the court required the debtor to pay her monthly mortgage installment together with her monthly arrearage payment within the calendar month the payment was due. In the event the debtor failed to timely make this payment, M & I had the right to file a Notice of Default with the debtor and her attorney, allowing the debtor to cure the default within ten (10) days. In the event the debtor failed to cure the default or in the event the debtor's case was dismissed for any reason, M & I could proceed with a foreclosure sale and repossession of debtor's property, located at 3090 Brisdane, Memphis, Tennessee, 38118, without further leave or order of this court. The order further enjoined the debtor from filing another case until M & I completed the foreclosure sale. *See* Order Granting Adequate Protection; Amending Chapter 13 Case and Plan and Denying Objection to Confirmation (attached to M & I's Motion for Relief from the Automatic Stay).

The Court dismissed the debtor's prior case, number 97–21809–XXX, on April 30, 1997, on the chapter 13 trustee's motion to dismiss. The debtor filed this prior case on February 7, 1997. Pursuant to the plan, the chapter 13 trustee was to make the ongoing mortgage payment beginning with the March 1997 payment. The chapter 13 trustee received two payments subsequent to the filing, the first on February 27, 1997 in the amount of $190.00 and the second on March 13, 1997 in the amount of $58.03. Because there were not enough finds on hand to make the first ongoing mortgage payment for March 1997, the chapter 13 trustee filed the motion to dismiss on March 18 or 19, 1997. The motion was set for hearing on April 15, 1997.

Counsel for the debtor stated that on April 15, 1997, he spoke with the chapter 13 trustee about filing a "motion to advance these payments and to cure this [mortgage] arrearage." The hearing on the motion to dismiss was adjourned to April 29, 1997. According to counsel for the debtor, he filed a motion to advance the mortgage payment on April 24, 1997. At the April 29 hearing on the motion to dismiss, neither the debtor nor her attorney appeared. The debtor's counsel asserts that he did not appear because he believed that the filing of his motion would take care of the problem. The trustee submitted a dismissal order and the case was dismissed on April 30, 1997. The debtor did not file a motion to vacate the order of dismissal.

M & I scheduled foreclosure proceedings for July 24, 1997 at 12:00 noon. M & I contends that it proceeded with the foreclosure sale and filed a Substitute Trustee's Deed without knowledge of the filing of the instant case by the debtor on July 23, 1997 and pursuant to the order of adequate protection entered in the debtor's case number 97–21809–XXX. M & I relies on the order granting adequate protection which prohibits the debtor from filing a petition for relief until M & I has completed the foreclosure sale. M & I also relies on the exhibits entered into evidence without objection, including the Warranty Deed transferring title of the property at 3090 Brisdane to the debtor on June 15, 1994 for $65,465.52 (Exhibit 1); the Substitute Trustee's Deed from the July 24, 1997 foreclosure sale (Exhibit 2); M & I's Proof of Claim filed in the present case (Exhibit 3); the Proof of Claim filed by Security Financial & Mortgage Corporation in case number 97–21809–XXX (Exhibit 4); and printouts from the records of the chapter 13 trustee of the case histories of each of the debtor's three bankruptcy cases (Exhibits 5–7). Finally, M & I relies on the statements made at the hearing by the standing chapter 13 trustee.

The debtor contends that in her prior case her employer, Federal Express, failed to increase her payroll deduction from $190.00

---

[1]. The debtor previously filed case number 93–24178–K on April 20, 1993. That case was dismissed on September 9, 1996. The debtor subsequently filed case number 97–21809–XXX. That case was dismissed on April 30, 1997.

per week to $211.00 per week pursuant to a payroll modification order entered by this Court and that this failure led to the dismissal of her prior case. The debtor admitted on cross-examination, however, that she was aware that her plan payments were increased to $211.00 per week. She further admitted that she did not make any additional payments into her plan while she waited for her employer to implement the increase in her payroll deduction. The debtor also contends that she was unaware that her prior case had been dismissed because her employer continued to make payroll deductions and send those funds to the chapter 13 trustee. Finally, the debtor contends that she has equity in the property in question as she paid down $5,500.00 and has improved the property by landscaping, painting, and installing ceiling fans.

The chapter 13 trustee reported at the hearing that he returned $1,520.00 to the debtor and $1,221.36 to the debtor's attorney on June 26, 1997. The trustee also returned one payment of $190.00 to the debtor on June 27, 1997 and three more payments of $190.00 each in July 1997. Upon the filing of the present case, the debtor's attorney submitted the $1,221.36 into the debtor's plan. The debtor testified that she wrote a personal check on her credit union account for $1,520 and submitted that check to the clerk's office of the Bankruptcy Court. The debtor did not include her new case number on the check. As a result, the check apparently is in the process of being returned to the debtor by the trustee's office. The debtor testified, however, that she will resubmit the funds to the chapter 13 trustee's office when she receives the returned check. The debtor also testified that she will have access to her retirement account in December 1997. At that time she will be able to pay an additional $4,000 into her plan. As a result, the debtor contends that by year's end she will have paid down the $14,621.40 arrearage by approximately $8,000.00.

## DISCUSSION

### I.

■ The Bankruptcy Code sets forth the conditions pursuant to which a creditor may obtain relief from the automatic stay. According to 11 U.S.C. § 362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Section 362 also states that the party requesting relief from the automatic stay has the burden of proof on the issue of the debtor's equity in the property, while the party opposing the motion has the burden of proof on all other issues. 11 U.S.C. § 362(g).

M & I relies on the exhibits it entered into evidence at the hearing, including its proof of claim establishing an arrearage of $14,621.40. Exhibit 3. M & I also points to the warranty deed, which indicates that the debtor purchased the property for $65,465.52. Finally, counsel for M & I indicated that the sum paid at the foreclosure sale, $67,904.29, includes the principal balance and the arrearage owed on the mortgage plus foreclosure costs. The debtor contends that she has equity in her home as she paid down $5,500 when she purchased the house. She also testified that she has made improvements to the property, including painting, landscaping, and installing ceiling fans. The debtor indicated that she believed the value of her home has appreciated. The debtor did not introduce any proof regarding an increase in the value of her home, however. Further, the debtor indicated the value of her home to be $63,000 in Schedule A, which she filed with her petition for relief on July 23, 1997. The debtor has not amended this schedule to indicate a higher value. The debtor lists the mortgage in Schedule D of her petition in the amount of $59,000.00. The debtor's own

schedules indicate that the debtor does not have equity in her home. Although the debtor testified that her home is worth "way more" now than it was when she purchased it, the evidence before the court indicates that the property is worth $63,000. Further, the evidence shows that the principal balance, arrearage, and expenses is $67,904.29, approximately $2,400 more than the purchase price of the debtor's home and approximately $4,900 more than the value declared by the debtor in Schedule A of her petition. *See* Exhibit 2, Substitute Trustee's Deed; Schedule A filed with debtor's petition in case number 97–30580–L. Thus, the Court concludes that M & I has met its burden on the issue of the debtor's equity in the property.

Further, the Court concludes that the property is not necessary to an effective reorganization of the debtor. Upon a showing by M & I that the debtor does not have equity in the property, the burden shifts to the debtor to demonstrate that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g). While the Court recognizes that shelter is necessary to an effective reorganization of this debtor, the debtor failed to demonstrate for the Court that she was unable to obtain other shelter, including renting an apartment or house. Therefore, the debtor failed to meet her burden on this issue. The Court finds that the creditor is entitled to relief from the automatic stay.

## II.

■ While not strictly necessary, the Court also considers whether there is cause to grant M & I's motion for relief from the automatic stay. "Cause" for relief from the automatic stay is not defined under the Bankruptcy Code. Whether discretionary relief from the stay is appropriate must be determined on a case-by-case basis. *In re Laguna Associates Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir.1994).

Pursuant to the consent order granting adequate protection in the debtor's prior case, the order enjoined the debtor from filing her present case until the creditor completed any pending foreclosure sale. According to the facts presented at the hearing, the debtor filed her present chapter 13 case on July 23, 1997, the day before the scheduled foreclosure sale.

The debtor contends that she was unaware of the dismissal of her prior case because her employer continued to deduct funds from her wages. The Court finds this argument unpersuasive. According to the standing chapter 13 trustee, the chapter 13 trustee's office routinely mails dismissal orders to debtors whose cases have been dismissed. Additionally, if the order is returned to the trustee's office undelivered, such is noted in the debtor's file. The chapter 13 trustee stated at the hearing that there is no indication in the debtor's file that the order dismissing her case was returned undelivered. If the debtor was not aware of the dismissal shortly after April 30, 1997, she surely became aware of the dismissal on June 26, 1997, when the chapter 13 trustee refunded the payments to the debtor and to the debtor's attorney made by her employer subsequent to the dismissal.

Additionally, the Court notes that the order granting adequate protection, entered in the debtor's prior case, clearly states that in the event the debtor's case is dismissed, for whatever reason, the debtor is enjoined from filing a case prior to M & I's completing the foreclosure. The debtor filed her present case on July 23, 1997, the day before the scheduled foreclosure sale. If the debtor believed her prior case was dismissed in error, she could have filed a motion to vacate the order of dismissal in that case pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60.

Thus, in addition to its conclusion that the creditor is entitled to relief from the automatic stay pursuant to section 362(d)(2), based on the totality of these facts and circumstances presented at the hearing, the Court also finds that M & I is entitled to relief under section 362(d)(1).

Therefore, the Court will annul the automatic stay, effectively granting relief nunc pro tunc to July 24, 1997, the date of the foreclosure sale. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir.1994) (stating that the inclusion of the word "annulling" in 11 U.S.C. § 362(d) indicates a legislative intent to apply

certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio* ).

## III.

Finally, M & I seeks in its motion attorney fees from the debtor arising out of the debtor's willful action of filing the present case in violation of the court's prior adequate protection order. Neither of the parties discussed this aspect of the creditor's motion at the hearing, and the Court makes no determination at this time. Rather, the debtor will be ordered to appear and show cause why she should not be held in willful contempt of the prior order as the result of her filing her present petition for relief before M & I could complete the foreclosure proceedings on the debtor's property. At the scheduled hearing, M & I should be prepared to present proof of damages suffered as a result of the debtor's actions, including any attorneys' fees and costs incurred.

## *ORDER*

Based on the foregoing, it is ORDERED:

1. That the automatic stay is annulled as it effects M & I Mortgage Corporation and that the foreclosure sale shall stand.

2. The debtor shall appear on **Tuesday, October 7, 1997 at 1:30 p.m.,** Courtroom 645, 200 Jefferson Avenue, Memphis, Tennessee, to show cause why she should not be held in willful contempt of the orders of this court, and for a determination of damages, if any, which may include attorneys fees, to be awarded to M & I Mortgage Corporation.