**In re Krishan CHARI, Debtor.**

No. 99–35862.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 29, 2001.

---

Ira Rubin, Dayton, OH, for debtor.

William B. Fecher, Cincinnati, OH, for Fifth Third Bank.

John Paul Rieser, Dayton, OH, Chapter 7 Trustee.

## DECISION AND ORDER DENYING FIFTH THIRD BANK'S MOTION FOR RELIEF FROM STAY

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

This matter is before the court upon the Amended Motion for Relief from Automatic Stay filed by Fifth Third Bank, Western Ohio ("Fifth Third") [Doc. # 236–1] and the Trustee's Objection and Response [Doc. # 237–1]. The matter came for hearing before the court on February 22, 2001. The court is now prepared to render its decision.

### FACTUAL AND PROCEDURAL BACKGROUND

Fifth Third requests relief from the automatic stay so that the bank may add the Debtor, Krishan Chari ("Debtor"), to a state court lawsuit filed against Fifth Third as a third party defendant. The case is captioned *The Ohio Bank v. Miami Valley Title, Inc. v. Fifth Third Bank,* Case No.2000–CV–01439 (the "Ohio Bank case") and is currently pending before the Honorable Mary E. Donovan in the Montgomery County Court of Common Pleas. Fifth Third asserts that the Debtor should be added as another third party defendant to the Ohio Bank case. Furthermore, Fifth Third requests relief from this court to add the Debtor to other lawsuits filed against Fifth Third related to misconduct for which the Debtor may be responsible.

The factual assertions presented in the Ohio Bank case involve the forged endorsement of six checks issued by Defendant Miami Valley Title which were drawn

on its Fifth Third bank account and made payable to Plaintiff, Ohio Bank. [See Doc. # 236–1, attached Compl., ¶ 7.] These checks totaled $386,806.30. [*Id.*] According to the allegations in Miami Valley Title's third party complaint against Fifth Third, the endorsement on each check was forged by Chari Group, Ltd. and deposited into a Chari Group, Ltd. account at Fifth Third. [*Id.*, ¶¶ 8–9.] The complaint alleges that Fifth Third accepted and paid these checks resulting in losses to Ohio Bank. [*Id.*, ¶ 11.] Ohio Bank filed a lawsuit to recover damages from Miami Valley Title leading Miami Valley Title to file its third party complaint against Fifth Third. [*Id.*] Miami Valley Title seeks the recovery of damages in the amount of $386,806.30 plus costs and fees from Fifth Third for wrongful conversion of the checks and negligent failure to exercise ordinary care to ensure that the funds were disbursed and delivered to the proper payee. [*Id.*, ¶¶ 14–20.]

In its motion for relief from stay, Fifth Third asserts that the Debtor, an officer and shareholder of Chari Group, Ltd., should be added as a third party defendant in the Ohio Bank case so that the state court can determine liability between the Debtor and Fifth Third. The Debtor did not respond to Fifth Third's motion for relief from stay, but the Trustee has filed an objection. The Trustee asserts that granting Fifth Third relief from stay to add the Debtor to the Ohio Bank case could result in diminution of the assets of the Debtor's estate and resultant harm to estate creditors. Because of pending criminal proceedings against the Debtor, the Debtor has pleaded his Fifth Amendment right against self-incrimination in civil proceedings. Thus, the Trustee asserts that the Debtor is unlikely to defend himself in any civil action brought against him in state court. Such inaction on the part of the Debtor in state court could lead to a default judgment in favor of Fifth Third recoverable from the Debtor's estate leading to a diminution of the assets available for other creditors.

### *LEGAL ANALYSIS*

■ The automatic stay serves two important goals in bankruptcy. The first is to provide a debtor with "breathing space" or a period of time in which his assets are protected so that his resources might be marshaled to satisfy existing obligations. *Laguna Associates Limited Partnership v. Aetna Casualty & Surety Co. (In re Laguna Associates Limited Partnership )*, 30 F.3d 734, 737 (6th Cir.1994). The second goal of the automatic stay is to promote the equitable distribution of assets among creditors. *See National Environmental Waste Corp. v. City of Riverside (In re National Environmental Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir.1997); *McCartney v. Integra National Bank North*, 106 F.3d 506, 509 (3rd Cir.1997). Without the stay, creditors could unilaterally pursue their own remedies against the debtor's property outside of bankruptcy. *McCartney*, 106 F.3d at 509. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. *Id.* Bankruptcy is designed to prevent these actions and provide an orderly liquidation procedure under which all creditors are treated equally.

■ At the same time, however, the automatic stay is not impervious to attack. The Bankruptcy Code provides bankruptcy courts with wide latitude to fashion relief from the automatic stay for deserving creditors who would be uniquely harmed by the stay's limitations. *National Environmental Waste Corp.*, 129 F.3d at 1054. Fifth Third requests this court to grant it such relief under the "cause" provision found in 11 U.S.C. § 362(d)(1).

■ Neither § 362(d)(1) nor other provisions of the Code provide a definition of what constitutes sufficient cause to grant a creditor relief from stay. *Laguna,* 30 F.3d at 737. Instead, a bankruptcy court must determine whether sufficient cause exists on a case-by-case basis. *Id.* The analysis involves a balancing of the harms to determine whether the potential hardship to the creditor if required to remain in bankruptcy court outweighs the potential prejudice to the debtor, the estate or estate creditors should the claims be litigated in another forum. *See In re South Oakes Furniture, Inc.,* 167 B.R. 307, 309 (Bankr.M.D.Ga.1994); *In re Lamberjack,* 149 B.R. 467, 471 (Bankr.N.D.Ohio 1992).

■ Fifth Third argues that because the Ohio Bank case is well underway, judicial economy supports adding the Debtor to the state court proceeding rather than requiring Fifth Third to maintain a separate action against the Debtor in bankruptcy court. Interests of judicial economy are certainly important. However, at this point in the state court litigation, Fifth Third contests its own liability making the Debtor's contingent liability even more speculative. Further, Fifth Third acknowledges that even with a state court judgment against the Debtor, it would have to return to bankruptcy court and the claims allowance process to obtain recovery from the bankruptcy estate. Thus, the court questions whether any judicial resources are saved by allowing Fifth Third to add the Debtor to the state court case.

Furthermore, the Trustee's objection raises serious concerns about the potential harm that the bankruptcy estate could suffer should Fifth Third be allowed to proceed against the Debtor in state court. The Trustee notes that the Debtor has chosen to invoke his Fifth Amendment rights in civil actions, including those before this court, leading to a failure of the Debtor to defend himself or his property. If the Debtor would continue to invoke those rights in state court, Fifth Third could obtain admissions by default from the Debtor or even a default judgment. Undoubtedly, Fifth Third would seek to recover the full amount of any judgment from the bankruptcy estate to the detriment of other creditors. If, on the other hand, Fifth Third pursued the claim it has filed in bankruptcy court through the bankruptcy claims allowance process, the bankruptcy estate's rights, as separate from those of the Debtor, could be more adequately protected and defended by the Trustee. Thus, to provide an orderly liquidation procedure in which all of the creditors' claims are resolved in bankruptcy, the claims of Fifth Third against the Debtor should remain in bankruptcy court.

■ Fifth Third fears that if it cannot add the Debtor as a party to the state court action, Fifth Third will not have access to key facts in the Debtor's possession needed to "report the full story" of the check transactions in state court. The court finds Fifth Third's concerns unfounded. To the extent that the Debtor's testimony is relevant to the issue of liability between Fifth Third and Miami Valley Title, Fifth Third may compel the Debtor to testify as a witness without adding the Debtor as a party to the case.[1] Furthermore, compelling the Debtor to appear as a witness does not invoke automatic stay concerns because the scope of the stay is limited to proceedings against a debtor or a debtor's property. *See* 11 U.S.C. § 362(a).

---

1. The court does not comment on the possibility that the Debtor may continue to invoke the Fifth Amendment right against self-incrimination in state court.

## CONCLUSION

After balancing the potential detriment to all parties, the court concludes that Fifth Third should remain in bankruptcy court to proceed against the Debtor through the claims allowance process.

**Wherefore,** the court denies Fifth Third's motion for relief from stay.

**It is so ordered.**