

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Bartucci v. O'Neil

Precedential or Non-Precedential: Non-Precedential

Docket 00-4285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bartucci v. O'Neil" (2003). *2003 Decisions*. Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-4285

GREGORY BARTUCCI,
Appellant

v.

LAURA O'NEIL;
ISABEL C. BALBOA, Trustee

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 00-cv-02547
(Honorable Jerome B. Simandle)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2003

Before: SCIRICA, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed: April 29, 2003)

OPINION OF THE COURT

SCIRICA, <u>Circuit</u> <u>Judge</u>.

## I.

Gregory Bartucci appeals from the District Court's affirmance of a Bankruptcy Court order, denying relief from the automatic stay provision of the Bankruptcy Code and preventing him from pursuing an action to recover property from Debtor Laura O'Neil in state court.[1]

## II.

Bartucci and O'Neil entered an intimate relationship and lived together in O'Neil's home during 1994 and 1995. After Bartucci was allegedly violent toward O'Neil, she evicted him. They occasionally dated through 1996, but Bartucci allegedly again became violent. O'Neil obtained a restraining order forbidding further contact and directing Bartucci to collect all personal belongings from her home, which he allegedly failed to do.

In August, 1996, Bartucci moved to the Republic of the Philippines and married another woman. Prior to his departure, Bartucci allegedly left O'Neil with several items, including vintage musical instruments,[2] worth over $20,000. In August 1998, Bartucci returned to the United States and requested that O'Neil return the items. After O'Neil allegedly refused to return the property, Bartucci filed an action against O'Neil for

---

[1] We have jurisdiction under 28 U.S.C. §§ 1291, 158(d).

[2] The instruments are a 1941 Martin D-28 Herringbone acoustic guitar, a 1963 Martin-D 35 acoustic guitar, and an Ibanez Gibson banjo.

conversion in the Superior Court of New Jersey and served her with a summons and complaint. O'Neil admittedly did not answer, claiming the nature of her prior relationship with Bartucci made her "terrified that he was going to harm [her]."

On June 8, 1999, a writ of replevin was issued, ordering seizure of Bartucci's belongings from O'Neil's home. O'Neil refused to turn over any items to the sheriff, who noted in a return of service report: "Defendant refused entry to residence. Defendant stated she does not have several of the articles (chattels)–stated she did not have all of them. She refused to turn over the article she does have. Would not state what articles she has and what she does not." After O'Neil filed for relief under Chapter 13 of the Bankruptcy Code on June 2, 1999, the sheriff's office refused to take any further action to recover the property.

Although O'Neil did not include Bartucci as a creditor in her initial filing for bankruptcy, she added Bartucci as an unsecured creditor on September 13, 1999. Upon notice that O'Neil filed for bankruptcy, Bartucci filed a motion for relief from the automatic stay provision of the Bankruptcy Code. The bankruptcy judge denied relief, holding that Bartucci's "debt" should be resolved in O'Neil's pending bankruptcy. Specifically, the Bankruptcy Court held it was denying Bartucci's request "to pursue an action for conversion in State Court for a debt which can be dealt with in the debtor's pending bankruptcy case by the creditor filing a proof of claim and which is being dealt

with through the creditor's pending adversary proceeding." Bartucci appealed to the District Court, which affirmed. This appeal followed.

**III.**

We exercise plenary review over the District Court because it sits as an appellate court in bankruptcy cases. Baldino v. Wilson, 116 F.3d 87, 89 (3d Cir. 1997). The decision to deny a motion for relief from the automatic stay is reviewed for abuse of discretion. Id.

The scope of the automatic stay provision, 11 U.S.C. § 362(a), is broad and automatically stays all judicial actions against a debtor seeking recovery on a claim that could have been brought before commencement of the bankruptcy. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991) (including a conversion claim against a debtor within the scope of an automatic stay on district court proceedings). "The purpose of the automatic stay provision is to afford the debtor a 'breathing spell' by halting the collection process. It enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt." In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994).

But the automatic stay is not an absolute bar to all judicial claims against a debtor. There are two distinct grounds under which a bankruptcy court shall grant relief upon request of a party. 11 U.S.C. § 362(d). Either ground alone will justify relief. Nazareth Nat'l Bank v. Trina-Dee, Inc., 731 F.2d 170 (3d Cir. 1984). Section 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A)     the debtor does not have an equity in such property, and

(B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In this appeal, Bartucci relies on the second ground for relief from the automatic stay, 11 U.S.C. § 362(d)(2), arguing that the Bankruptcy Court erred in refusing to grant relief because O'Neil had no equity interest in the property. As the party requesting such relief, Bartucci bears the burden of proof on the issue of the debtor's equity in property. 11 U.S.C. § 362(g)(1). O'Neil, as the party opposing such relief, bears the burden of proving that the property at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); Nazareth, 731 F.2d at 171.

We addressed the grounds for relief from the automatic stay in Nazareth, which concerned a Chapter 11 debtor's appeal from a district court affirmance of a bankruptcy court order that permitted a bank to proceed with foreclosure proceedings against a debtor. 731 F.2d at 170. The bankruptcy court found that 11 U.S.C. § 362(d) authorized relief from the automatic stay provision of § 362(a). Id. We affirmed under 11 U.S.C. §

5

362(d)(2) because the debtor conceded it had no equity in the property and did not contest the bankruptcy court's finding that it failed to carry its burden of proving that the property in issue was necessary to an effective reorganization. Id. at 171.

On appeal, the debtor contended the bankruptcy court erred because it concentrated on the debtor's absence of equity and failed to adequately consider the issue of cause under the first ground for relief (§ 362(d)(1)). Id. But we found that the debtor's reading of § 362 was "inconsistent with its plain language." Id. We stated, "Subsections (1) and (2) are plainly disjunctive. Only in cases where the court finds that the property is necessary to an effective reorganization, is it necessary to consider the first ground for relief from the stay–the adequacy of protection of the secured party seeking relief." Id. Thus, we found relief proper under the second ground alone. Id.

## IV.

In this case, the Bankruptcy Court failed to consider whether relief was proper under the second ground for relief (11 U.S.C. § 362(d)(2)). Under 11 U.S.C. § 362(d)(2), Bartucci had the burden of proof on the issue of O'Neil's equity in the property and contends that burden was satisfied. Significantly, O'Neil "concedes that appellant has satisfied his burden; debtor has no equity interest in the property subject of this appeal." Appellee Br. at 5. As the party opposing relief from the automatic stay, O'Neil had the burden of proving that the property in issue is necessary to an effective reorganization;

6

but O'Neil "acknowledges this burden and concedes that she does not satisfy the requisite burden." Id. at 6.

O'Neil's concessions standing alone would appear to make relief from the automatic stay proper under the second ground for relief. See Nazareth, 731 F.2d at 170. Nonetheless, the Bankruptcy Court did not address these arguments. Furthermore, O'Neil states in her brief that she "voluntarily agrees to return the property to the appellant. Such action would restore appellant with his property while ensuring that appellant's claims of conversion and tortious interference with property remain in the federal forum." Appellee's Br. at 3. Therefore we believe this matter should be remanded to the District Court with instructions to remand to the Bankruptcy Court.

## V.

Accordingly, we will vacate the order of the District Court insofar as it affirms the order of the Bankruptcy Court and remand this matter to the District Court with instructions to remand to the Bankruptcy Court for proceedings consistent with this opinion.

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica
Circuit Judge

8