**RESULTS SYSTEMS CORP.,**
Appellant,

v.

**MQVP, INC., Appellee.**

Nos. 07–13203, 07–13204.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 29, 2008.

## ORDER

JULIAN ABELE COOK, JR., District Judge.

On July 18, 2007, Judge Marci B. McIver of the United States Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court") rendered two separate decisions in Bankruptcy Case No. 06–51141; to wit, (1) an order which converted the case of the Appellee, MQVP, Inc. ("MQVP"), from the protections of Chapter 11 to the provisions of Chapter 7 pursuant to 11 U.S.C. § 1112(a), and (2) an order, in which the confirmation of a reorganization plan under Chapter 11 that had been proposed by the Appellant, Results Systems Corporation ("Results Systems") and another creditor, Keystone Automotive Industries, Inc. ("Keystone"), was denied. A notice of appeal from these two orders was subsequently filed by Results Systems.[1] On November 16, 2007, Results Systems submitted a "Consolidated Brief on Appeal"[2] in which it urged this Court to reverse these two contested orders of the Bankruptcy Court and, thereafter, (1) enter an order that will confirm the creditors' plan or (2) remand this action to the Bankruptcy Court for an evidentiary hearing in order to determine if (a) MQVP's motion had been made in bad faith and (b) the creditors' plan had been proposed in

1. According to the record in this matter, Keystone joined Results Systems in proposing the confirmation plan ("creditors' plan") to the Bankruptcy Court. However, there is no indication in the record that Keystone has joined Results Systems in its appeal to this Court. For the purposes of this order, the word, "creditors," refers to Results Systems and Keystone.

2. On November 6, 2007, the Court granted a motion by Results Systems to consolidate the two appeals, finding that "(1) there are common facts and questions of law in each appeal, and (2) a consolidation of these two matters will avoid an unnecessary delay and expenditure of costs."

good faith. No response from MQVP has been filed as of this date.

For the reasons that have been stated below, Results Systems' appeal is denied and the decision of the Bankruptcy Court is affirmed.

## I.

On August 17, 2006, MQVP filed a voluntary petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code. Over a year later, on April 30, 2007, Results Systems (joined by Keystone) and MQVP agreed to concurrently present their respective reorganization plans at a confirmation hearing.[3] On June 27, 2007, the parties appeared before the Bankruptcy Court for an evidentiary hearing that had been convened to address the merits, if any, of confirming MQVP's proposed plan of reorganization. However and prior to the commencement of the evidentiary hearing, MQVP submitted an oral motion, seeking to convert the case from a Chapter 11 matter (reorganization)[4] to a case under Chapter 7 (liquidation).[5] Results Systems registered its objection to MQVP's motion and urged the Bankruptcy Court to proceed with the originally scheduled evidentiary hearing. The Bankruptcy Court took the matter under advisement, adjourned the hearing, and directed the parties to submit briefs that would advocate their respective positions.

Following oral arguments that were heard on July 17, 2007, the Bankruptcy Court (1) granted MQVP's motion to convert its bankruptcy case from Chapter 11 to Chapter 7, and (2) denied Results Systems' motion to confirm the creditors' reorganization plan.[6] Results Systems' timely appeal is now before this Court for its decision.

## II.

In advancing its arguments, Results Systems contends that the Bankruptcy Court "erred in this case by finding without the benefit of an evidentiary hearing that [MQVP] brought its last minute oral motion to convert the case to Chapter 7 in good faith, and that the [c]reditors lacked good faith in proposing their [p]lan." With regard to its first argument, Results Systems claims that MQVP had agreed at an earlier time to permit it, along with another creditor (Keystone), to file and attempt to confirm a plan of reorganization before the Bankruptcy Court at a consolidated hearing during which all of the parties would have an opportunity to present their competing reorganizational plans. Results Systems maintains that this "last minute" motion by MQVP to convert the case from Chapter 11 to Chapter 7 was submitted "for the sole purpose of preventing confirmation of the [c]reditors' [p]lan," and that this action—by itself—"is sufficient to find bad faith."[7]

The second argument by Results Systems is that the "record in this case is … sufficient to support a finding on the part of Results and Keystone in proposing [their] [reorganization] [p]lan." Results Systems submits that, under its jointly proposed plan with Keystone, "all credi-

---

**3.** On April 16, 2007, the parties agreed that Results Systems and Keystone should be allowed to file their own plan of reorganization along with that of MQVP.

**4.** 11 U.S.C. §§ 1101 et seq.

**5.** 11 U.S.C. §§ 701 et seq.

**6.** Although Judge McIvor read her opinion from the bench on July 17, 2007, the two challenged orders were entered by the court on the following day.

**7.** Results Systems has not provided the Court with any authority to support this assertion.

tors (except alleged inside creditors) would have been better off than in a Chapter 7 liquidation."[8]

### III.

■ The Court has jurisdiction over the consolidated appeal of the two contested final orders by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1) which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ..." made by bankruptcy judges. An order granting or denying a request to convert from one chapter to another chapter is considered to be a "final order." *Condon v. Brady*, 358 B.R. 317, 320 (6th Cir. BAP 2007). "An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a)(3).

■ District courts must apply a de novo standard of review in bankruptcy appeals when evaluating conclusions of law. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). However, findings of good or bad faith are considered to be factual findings. *See Adell v. John Richards Homes Bldg. Co.*, 439 F.3d 248, 254 (6th Cir.2006) (determination by bankruptcy court that involuntary petition was filed in bad faith is question of fact which will be reversed if found to be clearly erroneous). Thus, findings of fact are reviewed under the "clearly erroneous" standard. Fed. R. Bankr.P. 8013; Fed.R.Civ.P. 52; *Riverview Trenton Railroad Co. v. DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir.2007).

### IV.

The two primary issues in this case are whether (1) the Bankruptcy Court erred in granting MQVP's motion to convert without first conducting an evidentiary hearing on the issue of bad faith and (2) the Bankruptcy Court should have confirmed the creditors' reorganization plan.

Turning to the first issue, the Court notes that if the decision by the Bankruptcy Court was adjudicated correctly in accordance with the law, then the contention by Results Systems (i.e., the Bankruptcy Court should have confirmed the creditors' reorganization plan) must be denied for reasons for reasons of mootness.

According to 11 U.S.C. § 1112(a), "[t]he debtor may convert a case under this chapter [11 U.S.C. §§ 1101 et seq.] to a case under chapter 7 of this title [11 U.S.C. §§ 701 et seq.] unless—

(1) the debtor is not a debtor in possession;

(2) the case originally was commenced as an involuntary case under this chapter [11 U.S.C. §§ 1101 et seq.]; or

(3) the case was converted to a case under this chapter [11 U.S.C. §§ 1101 et seq.] other than on the debtor's request."

The language in 11 U.S.C. § 1112(b)(1) also provides that:

[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall* convert a case under this chapter [11 U.S.C. §§ 1101 et seq.] to a case under chapter 7 [11 U.S.C. §§ 701 et seq.] or dismiss a case under this chapter [11 U.S.C. §§ 1101 et seq.], whichever is in the best interests of creditors and the estate, if the movant establishes cause. (emphasis added).

---

8. Results Systems asserts that the creditors' plan "would guarantee payment in full to all administrative and priority claim holders, and [offer] unsecured creditors a better chance of receiving a distribution than in a Chapter 7 proceeding."

Here, MQVP is entitled to convert its bankruptcy case from a Chapter 11 case to a Chapter 7 case if (1) it is not a debtor in possession, (2) the case was not originally commenced as an involuntary matter under Chapter 11, and (3) the case was not converted to a case under Chapter 11 other than on the debtor's request. In general, "[§ ] 1112(a) gives the debtor the right to convert a chapter 11 case to a liquidation case under chapter 7 at any time." 7–1112, Collier on Bankruptcy—15th Ed. Rev. P 1112.02.

In its July 17, 2007 ruling on MQVP's motion to convert pursuant to 11 U.S.C. § 1112(a), the Bankruptcy Court correctly found, after citing to *Monroe Bank & Trust v. Pinnock*, 349 B.R. 493, 497 (E.D.Mich.2006), "that [the] debtor's right to convert is not absolute; however, absent a finding of bad faith or extreme circumstances, the motion to convert should be granted." The Bankruptcy Court also specifically found that allegations of bad faith by MQVP in connection with its motion to convert were not persuasive. It noted that, contrary to Results Systems' argument, MQVP had properly disclosed its pending litigation. In making this finding, the Bankruptcy Court declared that "[i]t's never been hidden. There [are] all kinds of disclosures about [that] potential litigation. I don't think that constitutes bad faith."

Notwithstanding, it is Results Systems' contention that the Bankruptcy Court should have convened an evidentiary hearing to address the issues relating to the "parties' respective good faith." MQVP has been accused of making its motion to convert in "bad faith" because, in doing so, it violated an existing agreement between the parties (which had presumably resolved a dispute over the use of cash collateral by MQVP) to allow Results Systems and Keystone to present a competing plan of reorganization at a Chapter 11 confirmation hearing.[9]

Results Systems asserts that, inasmuch as the Bankruptcy Court failed to hold an evidentiary hearing and "expressly made no findings of fact, but issued its rulings as a matter of law, ... the plenary *de novo* standard of review applies to these appeals." However, the case law upon which Results Systems relies for this proposition is neither apposite to the issues herein nor binding on this Court. In the cited case of *In re Professional Sales Corp.*, the court did not opine as to whether it was necessary to hold an evidentiary hearing in the context of evaluating a motion to convert. 56 B.R. 753, 758 n. 2 (N.D.Ill.1985). Rather, the decision in that case focused upon the need for an evidentiary hearing involving a preliminary injunction where the affidavits that had been submitted to the court revealed conflicting genuine issues of material facts.

There is no known reported authority within the Sixth Circuit that requires a bankruptcy court judge to conduct an evidentiary hearing when deciding whether to allow a debtor to convert a Chapter 11 case into a Chapter 7 case. In fact, there appears to be some authority in another circuit which indicates that an evidentiary hearing is not necessary. For example, the First Circuit Court of Appeals in 2005 found that an evidentiary hearing was not necessary for the bankruptcy court to

---

9. Results Systems also maintains that (1) MQVP "attempted to hide the true worth" of two pending lawsuits and (2) MQVP's sole shareholder and President, William Hindelang, was attempting to wrongfully convert the assets of his corporation. The Bankrupt-

cy Court rejected both of these arguments, after finding that (1) there had been "all kinds of disclosure" regarding the potential litigation and (2) no party would be prejudiced by the conversion of this action to a Chapter 7 case.

make a finding of bad faith as the record was not "insufficient" to support such a finding. *Marrama v. Citizens Bank*, 430 F.3d 474, 483 (1st Cir.2005).

Congress intended that bankruptcy courts should have the discretion of allowing a debtor to convert a case. *In re: Copper*, 426 F.3d 810, 816 (6th Cir.2005). It appears from the record that the Bankruptcy Court weighed this issue carefully and determined that (1) MQVP had not made its motion to convert in bad faith and (2) all of the creditors would be collectively better off under Chapter 7 as no plan existed to reorganize MQVP. The Bankruptcy Court correctly stated the following:

> Specifically, the purpose of 11 U.S.C., Sections 1101 through 1174—that is, a Chapter 11—is to provide a debtor with legal protection in order to give it the opportunity to reorganize and thereby to provide creditors with going concern value rather than the possibility of a more meager satisfaction through liquidation. The purpose of the reorganization process is to develop a plan that pays creditors to the greatest extent possible while at the same time enabling the debtor to continue operating as a viable business entity.... Certainly the plan of reorganization proposed [by the Creditors] in this case contemplates a different result....

Although the Bankruptcy Court concluded that "the debtor has a right to convert" as a "matter of law," findings regarding such issues as good and bad faith are factual determinations. *Adell v. John Richards Homes Bldg. Co.*, 439 F.3d 248, 254 (6th Cir.2006). Thus, the Court will review the challenged rulings by the Bankruptcy Court on this issue under the "clearly erroneous" standard. *Riverview Trenton Railroad v. DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir.2007). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.*

The Court, having carefully examined the record in this cause, is not left with a "definite and firm conviction that a mistake has been committed." The Bankruptcy Court clearly stated its opinion that permitting MQVP to convert its case from Chapter 11 to Chapter 7 would be in the best interests of all of the creditors involved. It also found that "no party is prejudiced by the conversion of this case to a Chapter 7 [case]." Finally, the Bankruptcy Court specifically determined that "[t]here is not the level of bad faith" which would require it to deny MQVP's motion to convert.

For these reasons, and because there is no known requirement that a bankruptcy court judge hold an evidentiary hearing when deciding a debtor's motion to convert from Chapter 11 to Chapter 7, the Court finds that the Bankruptcy Court did not err when it granted MQVP's motion to convert.

As the decision by the Bankruptcy Court to grant MQVP's motion to convert was not in error, there is no need for this Court to evaluate Results Systems' contention that the creditors' plan should have been confirmed. That plan was offered under Chapter 11. Because this case is now properly a Chapter 7 case, Results Systems' arguments on this issue are moot.

### V.

For the reasons that have been stated above, the decision of the Bankruptcy Court is affirmed.

IT IS SO ORDERED.