In re GATEWAY NORTH ESTATES, INC., Debtor.

GATEWAY NORTH ESTATES, INC., Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

Civ. No. 93–70519.

United States District Court, E.D. Michigan, S.D.

Feb. 25, 1994.

Laura J. Eisele, Dykema Gossett, Detroit, MI, for Sallye Garrigan Jude and James R. Jude.

## ORDER DENYING DEBTOR'S APPEAL

GADOLA, District Judge.

On October 1, 1992, appellant, Gateway North Estates, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 5, 1992, the United States Trustee ("Trustee") filed a motion to convert the Chapter 11 proceeding to a case under Chapter 7 of the United States Bankruptcy Code, and in the alternative, a motion to dismiss the case. On January 20, 1993, James R. Jude and Sallye Garrigan Jude ("Judes") filed a concurrence in the Trustee's November 5, 1992, motion.[1] On January 21, 1993, the bankruptcy court granted the Trustee's motion and dismissed Debtor's case on January 27, 1993. On February 4, 1993, Debtor filed a notice of appeal. Debtor submitted its brief on appeal May 20, 1993. Appellees, Trustee and the Judes each submitted appellate briefs on June 21, 1993. Debtor filed a reply July 18, 1993.

### I. Facts

Debtor is a land-holding corporation whose assets consist of three parcels of undeveloped real estate. Two parcels are located in Florida and one parcel is located in Michigan. The two parcels in Florida were the subject of a foreclosure action in the 20th Judicial Circuit Court, Collier County, Florida. An "Amended Summary Final Judgment of Foreclosure" was entered by the court in the Florida action on August 7, 1992, and sale of the Florida property was scheduled for October 6, 1992.

On October 1, 1992, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Along with the petition, Debtor filed a one-page proposed reorganization plan, which was signed by James Leonard Elsman, the president of Debtor. Debtor's only admitted reorganization plan is to sell the two parcels located in Florida and pay off the Judes with the sale proceeds. On January 21, 1993, the bankruptcy court granted the Trustee's motion to dismiss, ruling that there was no hope for reorganization and that the facts surrounding the Debtor's case were inconsistent with the purpose of Chapter 11.

1. In their concurrence, the Judes alleged that Debtor's bankruptcy proceeding should be dismissed for cause pursuant to 11 U.S.C. § 1112(b) as having been filed in bad faith.

### II. Standard of Review

Conversion or dismissal of a bankruptcy action for cause is a matter which lies within the discretion of the bankruptcy court. *In re Crosby,* 93 B.R. 798, 801 (Bankr. S.D.Ga.1988); *Koerner v. Colonial Bank,* 800 F.2d 1358, 1357 (5th Cir.1986); *In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir.1985). The bankruptcy court has wide discretion to determine if cause to convert or dismiss exists and how ultimately to dispose of the case. S.Rep. No. 989, 95th Cong., 2d Sess. 117–18 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5903, 5904. A bankruptcy court's decision to dismiss a Chapter 11 case is reviewed under an abuse of discretion standard. *In re Zick,* 931 F.2d 1124, 1126 (6th Cir.1991).

### III. Analysis

While there is no requirement that a petition commencing a Chapter 11 case be filed in good faith, it has become a universally accepted principle that a court has the inherent power to dismiss or convert a case in which it finds that good faith is lacking. *Carolin Corp. v. Miller,* 886 F.2d 693, 698 (4th Cir.1989); *In the Matter of Little Creek Development, Inc.,* 779 F.2d 1068, 1072 (5th Cir.1986); *Winshall,* at 1137. The Sixth Circuit in *Winshall* noted three factors that are relevant in examining a Chapter 11 petition to determine if it has been filed in good faith:

(i) whether the debtor has any assets, (ii) whether the debtor has an ongoing business to reorganize, and (iii) whether there is a reasonable possibility of reorganization.

*Winshall,* at 1137. In addition to the factors set forth in *Winshall,* a court may consider any other factors which evidence an intent to abuse the judicial process. *In re Laguna Assocs. Ltd. Partnership,* 147 B.R. 709, 716 (Bankr.E.D.Mich.1992). In particular, the court may consider evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights. *Id.*

The bankruptcy court provides a safe harbor for a debtor only so long as it continues to be evident that the effective rehabilitation of the enterprise is reasonably possible. *In re Dutch Flat Inv. Co.*, 6 B.R. 470, 471 (Bankr.N.D.Cal.1980). A debtor, with no assets, no creditors, and no ongoing business cannot effectively rehabilitate its enterprise. *In re Eden Assoc.*, 13 B.R. 578, 584 (Bankr.S.D.N.Y.1981).

In the instant case, Debtor has no assets other than three parcels of undeveloped property, two of which are the subject of foreclosure proceedings. Furthermore, there is no evidence to indicate that Debtor operates an "ongoing business." Debtor readily admits that the corporation has no employees or income flow and that the sole purpose of the corporation is to hold land until a commercially optimum time to sell arises. As such, under the *Winshall* analysis, there is no reasonable probability of reorganization.

As to the good faith of filing of the Debtor's petition, the court notes that Debtor filed the bankruptcy petition just five days before the Florida foreclosure sale. Debtor included a brief reorganization plan with its petition which proposed that the property would be marketed within a one-year period. In light of all the circumstances surrounding the Debtor's bankruptcy filing, it is clear that Debtor is merely trying to forestall the foreclosure proceedings. These actions are inconsistent with the underlying purpose of Chapter 11 protection and evidence bad faith on the part of Debtor. Therefore, the court finds that the case was properly dismissed by the bankruptcy court.

### *ORDER*

Therefore, it is hereby **ORDERED** that the bankruptcy court's order of dismissal is **AFFIRMED.**

**SO ORDERED.**