In re **WESTGATE PROPERTIES, LTD., Debtor(s).**

No. 10–33604.

United States Bankruptcy Court, N.D. Ohio.

June 25, 2010.

Jonathan P. Blakely, Weston Hurd, LLP, Cleveland, OH, for Debtor(s).

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court after a Hearing on two related matters: (1) the Motion of the Creditor, Home Savings and Loan Company for Conversion or Dismissal of Case pursuant to 11 U.S.C. § 1112; and (2) the Motion filed by the United States Trustee for Conversion or Dismissal. (Doc. No. 8, 15 & 16). The Debtor, Westgate Properties, Ltd., has objected to the Conversion or Dismissal of its case.

(Doc. No. 19). At the conclusion of the Hearing, the Court granted said Motions to Convert. The following memorializes this ruling and shall constitute this Court's findings of fact and conclusions of law.

## BACKGROUND

The Debtor, Westgate Properties, is a limited liability company owned by Joseph F. Yost, III. The Debtor's principal asset consists of a 94,250 sq./ft. shopping plaza. The property is currently leased to a number of commercial tenants.

The Creditor, Home Savings and Loan Company, holds a claim in this case by virtue of a prepetition extension of credit to the Debtor. The Creditor's claim is for approximately two million dollars and is secured against the Debtor's property, which is valued at one million dollars. (Doc. No. 1). Since 2006, ongoing litigation has occurred involving the Creditor's extension of credit to the Debtor.

On September 22, 2008, the Debtor filed a petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. (Case No. 08–34952). On the Motion of the Debtor, this case was dismissed on March 4, 2009. A short time later, on April 28, 2009, the Debtor again filed a Chapter 11 petition for relief. (Case No. 09–32764). On August 31, 2009, after the United States Trustee brought a Motion to Dismiss or Convert, this case was dismissed pursuant to an Agreed Order entered by the Court. On May 25, 2010, the Debtor commenced the instant case, filing another petition for relief under Chapter 11 of the Bankruptcy Code.

## DISCUSSION

Before this Court are two Motions to Dismiss or Convert this case brought by Home Savings and Loan, a creditor, and the United States Trustee. The grounds raised in these Motions for dismissal or conversion are substantially identical, and are addressed herein together. This type of proceeding, to Dismiss or Convert, affects both the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship. As such, this matter is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. §§ 157(b)(*l*)/(2)(J)/(0).

Section 1112(b)(1) prescribes that a court is to dismiss or convert a case where "cause" is found to exist, providing:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Section 1112(b) then goes on to provide, in paragraph (4), a nonexclusive list of grounds which may constitute "cause" for dismissal or conversion. Once "cause" is found to exist, dismissal or conversion is mandatory unless it can be shown that, under the conditions set forth in the opening proviso of § 1112(b), grounds exist not to convert or dismiss the case. *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr.M.D.Pa.2007) (with the enactment of BAPCPA, the statutory language of § 1112(b) has been changed from permissive to mandatory).

Paragraph (4) of § 1112(b) sets forth a nonexclusive of grounds which are

deemed to constitute "cause" for dismissal. Contending that the Debtor filed its Chapter 11 petition in bad faith, the following two grounds set forth in § 1112(b)(4) were cited as the basis for the conversion or dismissal of the Debtor's case:

> (1) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, § 1112(b)(4)(A); and

> (3) failure timely to provide information . . . reasonably requested by the United States trustee . . . . § 1112(b)(4)(H).

As now explained in order of enumeration, the preponderance of the evidence shows these grounds to be present. *In re Woodbrook Associates*, 19 F.3d 312, 317 (7th Cir.1994) (where action under § 1112 is brought, movant bears burden of proving by preponderance of evidence that cause exists).

 The first ground, above, which may give rise to "cause" for dismissal or conversion is read in the conjunctive so that the moving party must demonstrate that there is both a(1) continuing loss to or diminution of estate assets and (2) an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). The first half of this equation is often met by showing that the debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief. *In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr.D.N.D.1994). The second part, rehabilitation, does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as "to put back in good condition; re-establish on a firm, sound basis." *In re v. Companies*, 274 B.R. 721, 725 (Bankr.N.D.Ohio 2002). Both these conditions are present.

In three years, the Debtor has filed three Chapter 11 cases. Each of these cases has been filed for one purpose: to forestall a foreclosure by the Creditor of the Debtor's principal real estate asset. Yet, besides forestalling a foreclosure, this case, like the previous cases, shows a lack of ability to rehabilitate.

Especially troublesome, over the course of its three bankruptcy cases, the Debtor lost its primary tenant; there is also no indication that the Debtor will soon have the former tenant's rental space filled. The Debtor will thus unlikely be able to generate sufficient cash flow to service its debt to the Creditor.

This is particularly true considering that the Creditor, Home Savings and Loan Company, has expressed no desire to work with the Debtor. As a result, the Debtor, to effectuate a plan of reorganization, would be required to cram down the Creditor's interest, thereby entailing that the Creditor receive payments totaling the full value of its secured claim. 11 U.S.C. § 1129(b)(2)(A). Considering that over the course of its three bankruptcy cases, the Debtor has not made any significant remuneration to the Creditor, complying with the requirements of cram down would appear to be an impossibility.

The Debtor's lack of ability to rehabilitate is further exemplified by the continued accrual, for a period of approximately three years, of real estate taxes against the Debtor's principal real estate asset. It also appears that the Debtor has or will fail to pay the most recent real estate taxes that become due. This failure to pay real estate taxes as they become due also clearly shows a continuing loss to and diminution of estate assets. This loss and diminution may also be accelerating considering that maintenance to the Debtor's principal asset is being deferred.

The Debtor mostly acknowledged these points, but set forth that it will be able to

rehabilitate itself if and when refinancing is obtained. For the Court, the weakness with this position is that this has been the Debtor's goal over the course of its three Chapter 11 cases. During this time, however, no firm offers or commitments have been obtained, and the Debtor was unable to offer any evidence that any such commitments would soon be available. Once more, the ultimate availability of any financing appears very speculative considering that it was acknowledged that the value of the underlying property has probably diminished. Allowing the Debtor additional time—the Debtor proposed 30 days—to remain in this case therefore appears futile, and will serve no purpose other than to delay the inevitable.

Cause also exists to dismiss or covert this case under § 1112(b)(4)(H). Pursuant to § 1112(b)(4)(H), a debtor may have their cases dismissed or converted if it fails to timely provide information reasonably requested by the United States Trustee. In this case, the United States Trustee represented that shortly after this case was filed it requested that the Debtor provide it with information. Such information, however, was not provided until June 24, 2010, on the eve of the Hearings held on Dismissal or Conversion, and even then the information was not complete. Similarly, the Debtor only filed its schedules and statement of financial affairs on the day of the hearing held to Dismiss or Convert, June 25, 2010, well outside the time limit set forth in Bankruptcy Rule 1007.

Finally, the following circumstantial factors also demonstrate the existence of cause to Dismiss or Convert this case: (1) the Debtor only has one significant asset; (2) the Debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; (3) the Debtor has few, if any, employees; (4) the

principal asset of the Debtor was the subject of a foreclosure action at the time of the bankruptcy filing; and (5) the timing of the Debtor's bankruptcy filing, occurring just hours before foreclosure, evidences an intent to delay or frustrate legitimate efforts of the Debtor's secured creditors.

In conclusion, the Court finds that "cause" for dismissal or conversion exists within the meaning of § 1112(b). Furthermore, the circumstances presented in this case do not, as a legal matter, rise to the level so as to mitigate against this finding of "cause." As such, the Court is required, by law, to dismiss or covert this case.

■ Pursuant to § 1112(b)(1), the decision to convert or dismiss is predicated on which "is in the best interests of creditors and the estate." For this, it is the Court's judgment that since the Debtor has filed within an approximately two-year span three bankruptcy cases, the best interests of creditors and the estate would be served by the conversion of this case to one under Chapter 7 of the Bankruptcy Code.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motions of the United States Trustee and the Creditor, Home Savings and Loan Company, to Convert this case to Chapter 7, be, and are hereby, GRANTED.

**IT IS FURTHER ORDERED** that, effective at 11:33 A.M., on Friday, June 25, 2010, this case is hereby Converted to a Case governed by Chapter 7 of the United States Bankruptcy Code.

*IT IS FURTHER ORDERED* that the United States Trustee appoint forthwith a trustee to administer the Debtor's estate.